CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2016

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PIERRE A. RENOIR, | ) | CASE NO. 7:16CV00378 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SUPERVISOR SYKES, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Pierre A. Renoir, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 against unnamed administrators of the Virginia Department of Corrections (VDOC) and officials at three VDOC prisons, listing various adverse, past events he has allegedly experienced in prison. Because Renoir has not prepaid the requisite filing fee, the court assumes for purposes of this opinion that he is seeking to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice based on Renoir's many prior civil actions that have been dismissed.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Renoir has brought such actions or appeals on three or more prior occasions. See, e.g., Renoir v. Governor of Virginia, 755 F. Supp. 2d 82 (D. D.C. 2010) (dismissed under § 1915(g)); Renoir v. Davidson, No. 08-cv-333, 2008 WL 2944893, at *1 (E.D. Wisc. 2008) (noting accumulation of three "strikes"); Renoir v. Brown, No. 07CV00166, 2007 WL 1052477, at *1 (W.D. Va. 2007) ("Renoir has 'three strikes' under § 1915(g)."); Renoir v. Ray, 7:06CV00164, 2006 WL 840313 (W.D. Va. 2006) (dismissed under § 1915(g), with finding that allegations also did not state any actionable § 1983 claim); Renoir v. Wilson, Civil Action No. 7:99CV00810 (W.D. Va. 1999) (dismissed as frivolous). Accordingly, Renoir may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. § 1915(g).

Renoir's allegations in the complaint are brief and conclusory:

> Comes now, Pierre A. Renior, Pro Se, submitting a § 1983 for and not limited to, 2 sexual assaults, beatings, broken bones denied treatment at River North, d[e]struction of personal property, d[e]struction of holy books, d[e]struction of legal property, d[e]struction and denial of mailing legal and regular mail, denial of food, 24-7 sleep deprivation, purposeful contamination of food, anti-semitic abuses during holy days, threats and intimidation for attempting to seek legal redress, tortures and abuses that constitute cruel and unusual punishment, denial of due process for 10 invented institutional charges to retaliate PREA reports, denial of due process grievance procedure, etc., ad nausea[m].

(Compl. 1, ECF No. 1.) Renoir also states that he "is in immediate threat to life," has no access to a law library, and needs counsel appointed to assist him in this civil action. (Id.) This list of past, undated events with no indication of injuries suffered or likely to occur is simply insufficient to show that Renoir was in imminent danger of any physical injury related to his claims at the time he filed his complaint.

2

Because the records reflect that Renoir has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm, the court denies Renoir the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of September, 2016.

/s/ Glen Conrad
Chief United States District Judge